Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 3689 | DATE | 10/1/2002 |
| CASE TITLE | Dorazio, et al vs. UAL Corporation dba United Airlines | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order: Plaintiff's motion to remand (4-1) is granted. The Clerk of the Court is directed to remand the above cause of action to the Circuit Court of Cook County. The status hearing set for 10/3/02 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | OCT 0 2 2002 date docketed | 9 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 10/1/2002 date mailed notice | |
| GL | courtroom deputy's initials | Date/time received in central Clerk's Office | GL mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD DORAZIO, M.D. and<br>SHARON DORAZIO, individually<br>and as Class Representatives on<br>behalf of all others similarly<br>situated,<br><br>              Plaintiff,<br>v.<br><br>UAL CORPORATION, d/b/a<br>UNITED AIRLINES,<br>              Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **DOCKETED**<br><br>OCT 0 2 2002<br><br><br><br>No. 02 C 3689 |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Senior Judge:

Before us is Plaintiffs' motion to remand this case to the Circuit Court of Cook County. Because we find there were insufficient grounds for removal and, in the alternative, removal was untimely, we grant Plaintiffs' motion.

### I. Background

On September 5, 2001 Plaintiffs Sharon and Richard Dorazio ("Dorazios") brought suit against Defendant UAL Corporation ("United") in the Circuit Court of Cook County. The Dorazios' complaint attempted to state claims under Illinois common law for battery, willful and wanton conduct, and fraud. The Dorazios argued that they were injured while onboard United's international flight en route from California to New Zealand. More specifically, the Dorazios claim to have become ill after defendant exposed them to hazardous chemicals as a result of a process

9

known as "disinsection," which involves the spraying of pesticides within the crew and passenger areas of the aircraft.

On March 1, 2002 Defendant moved to dismiss all three counts on the grounds that they were preempted[1] by the Warsaw Convention[2] and Federal Aviation Act.[3] On April 22, 2002 the Dorazios filed a response to United's motion to dismiss. On May 22, 2002, thirty days from the date of the Dorazios' response brief, but seven months from the date of the complaint, United removed the case to federal court. Currently before us is the Dorazios' June 21, 2002 Motion to Remand the case.

## II. Analysis

In deciding whether United properly removed this case, we must resolve three questions. The first question is whether the Dorazios' complaint was removable, and, if the answer is in the affirmative, whether United removed the case in accordance with the provisions of 28 U.S.C. §1446(b). Only after finding that the Dorazio's complaint was not removable can we move on to the second inquiry: whether the Dorazios, in their April 22 response brief, attempted for the first time to state a federal claim under the Warsaw Convention. Third, we must decide whether United, by making a motion to dismiss in state court, waived its right to remove. Because we find that the

---

[1]Defendant used the terms "preemption" and "complete preemption" interchangeably in their motion. There is, however, an important distinction between these two concepts. *See generally* Section II, A, infra.

[2]Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 3014, T.S. No. 876 (1934), note following 49 U.S.C. §40104. Warsaw Convention is a treaty governing air carrier liability for all international transportation.

[3]Defendant also argued the claim of willful and wanton conduct should be dismissed because Illinois does not recognize an independent cause of action for such conduct. Plaintiff has conceded that this count should be dismissed.

Dorazios' claims do not arise under federal law, and, in the alternative, removal was untimely, we remand the case to the Circuit Court of Cook County.

## A. Removal on the Basis of the Original Complaint

A case filed in state court may be removed to federal court only if it is one over which the federal district courts have original jurisdiction. *See* 28 U.S.C. §1441(a). "The party seeking removal has the burden of establishing the jurisdiction of the district court." *In re Application of County Collector of County of Winnebago, Ill.*, 96 F.3d 890, 895 (7th Cir. 1996). The removal statute should be construed narrowly, with any doubts about jurisdiction resolved in favor of remand. *Doe v. Allied-Signal*, 985 F.2d 908, 911 (7th Cir. 1993).

According to the well-pleaded complaint rule, where the purported basis of removal is federal question jurisdiction, the plaintiff's cause of action must "aris[e] under the Constitution, laws or treaties of the United States." 28 U.S.C. §1331. "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The Dorazios' claims for battery, willful and wanton conduct, and fraud were grounded in state, not federal law. Although the Dorazios' claims were subject to the Warsaw Convention, the plaintiffs, as "master of the complaint," were within their rights to bring state-law claims in state court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398 (1987); *see also Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 282 (1918) ("the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case").

The fact that Dorazios' recovery may ultimately be limited by the Warsaw Convention does not go to the issue of removability. A defense is not part of the plaintiff's complaint. Therefore, "a case may not be removed to federal court on the basis of a federal defense." *Rivet v. Regional Bank*

*of La*, 522 U.S. 470, 475 (1998). This is true even if the defense is anticipated in the plaintiff's complaint. *Id*. Preemption of state law claims by federal statute can provide grounds for removal in limited circumstances only. There are two types of preemption. "Ordinary preemption"[4] is a defense on the merits, and goes to the nature of the remedy available. As such, ordinary preemption does not provide grounds for removal. *See Franchise Tax Bd. v. Construction laborers Vacation Trust for So. Cal.*, 462 U.S. 1, 14 (1983). By comparison, "complete preemption" occurs when "federal law occupies the field" and thus "every claim arises under federal law." *Lehmann v. Brown*, 230 F.3d 916, 919 (7th Cir. 2000); *see also Franchise Tax Board* 462 U.S. at 23-24. "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393.

Because the Dorazios' complaint alleged state common law claims only, the case was removable only if those claims were completely preempted by the Warsaw Convention. If, by contrast, the claims were merely ordinarily preempted, the treaty acts as a defense, and does not provide grounds for removal. *See Franchise Tax Board*, 462 U.S. at 14; *see also Caterpillar Inc.*, 482 U.S. 386, 393 (1987). Neither the Supreme Court nor the Seventh Circuit has explicitly ruled on whether the Warsaw Convention completely preempts state law claims resulting from international air travel. *See Fournier v. Lufthansa German Airlines*, 191 F.Supp.2d 996, 1003 (N.D. Ill. 2002). And we need not decide here whether the Warsaw Convention completely preempts state law, since regardless of the preemptive scope of the Convention, remand is warranted. If the Convention completely preempts state law, then the complaint raised a federal question and was

---

[4]Ordinary preemption is also called "conflict preemption."

untimely removed. If the Convention does not completely preempt state law, then there was no federal question jurisdiction and removal was improper.

In its most recent and detailed decision on the Warsaw Convention, the Supreme Court held that the treaty "precludes a passenger from maintaining an action for personal injury damages under local law *when her claim does not satisfy the conditions for liability under the Convention.*" *El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 176 (1998) (emphasis added). A necessary corollary of this holding is that where a plaintiff's claims *do* satisfy the conditions of liability under the treaty, a plaintiff may maintain an action under local law. In addition, the Court consistently referred to the "preemptive" effect of the Convention, never using the term "complete preemption." *Id.* at 172, 175, 177. Given the Court's historic reluctance to find this kind of "extraordinary preemptive power," we are disinclined to read the Court's use of the term "preemption" to mean "complete preemption." *Metropolitan Life Ins. Co*, 481 U.S. at 65. In fact, the Supreme Court has found complete preemption only with regard to §301 of the LMRA, and §514(a) of ERISA, and suits challenging ownership of Native American tribal land. *See Caterpillar*, 482 U.S. at 393. Thus, under *El Al Israel Airlines*, the Warsaw Convention does not completely preempt state law, but merely subjects state law claims to certain limitations.

Because the Warsaw Convention does not completely preempt state law, the Dorazio's complaint did not arise under federal law and was not removable. Our decision, however, does not depend on this conclusion. Even in the unlikely event that the Warsaw Convention does completely preempt Dorazio's state law claims, United's removal was untimely under § 1446(b). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, *from its inception*, a federal claim, and therefore arises under federal law."

-5-

*Caterpillar*, 482 U.S. at 394 (emphasis added). This is true even where complete preemption was not "obvious" at the time of the complaint. *Metropolitan Life Ins. Co.*, 481 U.S. at 66; *D'Ambrosio v. Chicago Truck Drivers*, 1992 WL 389940, 2 (7th Cir. 1992).

Where the plaintiff's initial complaint is removable, the first paragraph of § 1446(b) applies to the procedure of removal. This section provides:

> The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...

28 U.S.C. § 1446(b).

Although this thirty day time limitation is not jurisdictional, *Ryan v. State Board of Elections of the State of Illinois*, 661 F.2d 1130, 1134 (7th Cir. 1981), it is strictly applied. *See Northern Illinois Gas Company v. Airco Industrial Gases*, 676 F.2d 270 (7th Cir. 1982). Where a defendant removes after the thirty day limit, the case is subject to remand. *See Id.* The Dorazios originally filed their complaint on September 13, 2001. United did not remove the case until May 22, 2002 – well past the thirty day deadline. Thus, even if the Warsaw Convention completely preempts the Dorazios' state law claims, rendering the case removable, remand is warranted because of United's untimely removal.

### B. Plaintiff's Response Brief

In anticipation that remand was imminent under the first paragraph of § 1446(b), United now invokes the second paragraph of § 1446(b) in attempting to defeat remand. This paragraph provides:

> If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant...of a copy of an amended

-6-

>pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. §1446(b).

United argues that the Dorazios "attempted to state a claim in their Response Brief under the Warsaw Convention," and that the response brief constitutes an "other paper from which it may first be ascertained that the case is one which is or has become removable." We are not persuaded.

The Dorazios' complaint was grounded in Illinois common law. At no point did the Dorazios attempt to state a claim under the Warsaw Convention. To the contrary, it was the Defendants who first raised a federal issue, arguing that the suit should be dismissed because the claims were completely preempted by the Warsaw Convention. *See* Defendant's Memorandum in Support of its Motion to Dismiss, 5. In their response brief, the Dorazios discussed at length the Warsaw Convention, but maintained that the treaty did not preempt their state law claims. United incorrectly reads the Dorazios' response as pleading a new federal cause of action when in actuality the Dorazios re-asserted their state claims while conceding that they were "subject to the [limitations of the] Warsaw Convention." Plaintiffs' Response to UAL Corporation's Combined 2-619 and 2-615 Motion to Dismiss, 3. "Thus, a plaintiff can allege and a judge can issue a judgment applying such local law concepts as negligence, intentional tort, contract, and the like, so long as the result imposes no greater liability on the carrier than allowed under the Convention." *Id.* This language can hardly be read as an abandonment of state law in favor of a claim under the Warsaw Convention.

As "master of the complaint," the Dorazios chose to phrase their claim under state common law. *Caterpillar*, 482 U.S. at 398. The fact that their recovery was potentially limited by federal law does not give rise to removal jurisdiction. "[A] federal court does not have original jurisdiction over

a case in which the complaint presents a state-law cause of action, but also asserts that federal law deprives the defendant of a defense he may raise, or that a federal defense the defendant may raise is not sufficient to defeat the claim." *Id.* (citations omitted). Similarly, United could not, by raising a federal defense to which plaintiff responded, convert the case into one "arising under federal law." *See generally Franchise Tax Board*, 463 U.S. at 10. "[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law." *Caterpillar*, 482 U.S. at 399. Thus, the Dorazios' response to United's motion to dismiss did not constitute an "other paper" justifying removal.[5]

## C. Waiver

Although we have already concluded that this case must be remanded to the Circuit Court of Cook County, we will briefly address the Dorazios' argument that United waived its right to remove. We must agree with United that under *Rothner v. City of Chicago*, remand on the basis of waiver is limited to "extreme circumstances." 879 F.2d 1402, 1415 (7th Cir. 1989). The Seventh Circuit envisioned the type of extreme circumstances giving rise to waiver as "a case in which the suit is fully tried before the statutory period has elapsed and then the defendant files a petition for removal." *Id.* Defendant's filing of a single motion to dismiss is a far cry from the situation imagined by the Seventh Circuit. We conclude that United did not waive its right to remove this case.

---

[5]Furthermore, we find disingenuous United argument that it was plaintiffs' April 22, 2002 response which enabled it to first ascertain the removability of the case. After all, it was United, not the Dorazios, who on March 1, 2002 first raised the Warsaw Convention – the very law upon which federal question jurisdiction was purportedly based. United cannot now argue that it was unaware of possible grounds for removal until Plaintiff's April 22, 2002 response. *See generally Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249 (9th Cir. 1989).

-8-

## D. Costs, Expenses, and Attorney Fees

Under 28 U.S.C. §1447(c) we have discretion to award costs and actual expenses incurred as a result of the Defendant's improper motive. Exercising this discretion we decline to award costs, expenses, or attorney fees.

## III. Conclusion

For the forgoing reasons, the Dorazios' motion is granted and this case is remanded to the Circuit Court of Cook County. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated: 10/1/02